(No. 77-CC-061

ROBERT SCHNEIDER and FLOYD HARRIS, Administrators of the Estate of Lloyd Harris, Deceased, Claimants, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 17, 1985.*

JONES, OTTESEN, FEICKERT & DERANGO, for Claimant Floyd Harris.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

PATCHETT, J.

This case is an action by two Claimants, Robert Schneider and Lloyd Harris' estate, for injuries sustained on April 22, 1975, as a result of a fall from a scaffold. The scaffold was set up in order to allow them to paint a State-owned traffic bridge located at the U.S. Route 50 overpass of the L & N railroad tracks in St. Clair County, Illinois. This opinion applies to the case of Lloyd Harris' estate only. A separate opinion will be written for Robert Schnieder.

The facts are basically undisputed. Lloyd Harris fell some 20 feet after the scaffold he was working on collapsed. This was the result of the scaffold cables being attached to certain rollers, one of which came loose. This allowed the scaffold from which he was working to fall to the ground. The bridge was owned by the State of Illinois. Mr. Harris was working for the Gus T. Handge Company of St. Louis, Missouri. The Handge Company had a contract with the State of Illinois to paint the bridge. Mr. Larry Lipe, a resident engineer employed by the State of Illinois, inspected the bridge work on a daily basis.

Mr. Harris' injuries were severe. There was significant damage to his left tibia and ankle joint. As a result of the injury, the Claimant's decedent lost 65 actual working weeks and underwent surgery for the insertion of Steinman pins and manipulation. As of July

7, 1980, the Industrial Commission found him to have a 75% disability of the left leg.

The Structural Work Act does apply to the State of Illinois. This was settled in the case of *Hosey v. State* (1965), 25 Ill. Ct. Cl. 144. Further, from the facts presented, it is clear that there was a wilful violation of the Structural Work Act, as that term is used under that Act in this case. Therefore, we find that liability by the Respondent exists.

In this case Lloyd Harris died on July 21, 1980, through unrelated causes. Parties hereto have stipulated that in the event of a finding of liability, his estate would have stipulated that the only additional elements of damage would be the pain and suffering of the Claimant's decedent and the difference in wage loss between money paid to him by workers' compensation and what he would have made had he worked. All other claim for damages has been waived by the estate.

It is clear that the compensation awarded to Mr. Harris under the Workers' Compensation Act totals $30,647.72, which consists of medical expenses in the amount of $5,860.42, lost time of $9,787.30, and disability of $15,000.00. We hereby award that amount plus wage differential of $16,990.70. This sum reflects the difference between what Mr. Harris would have made had he not been injured, assuming a 40-hour week, and the amount paid to him by workers' compensation. In addition, we award the sum of $25,000.00 to reflect his pain and suffering during the five years from the date of the accident until his death.

Therefore, we find that liability exists on behalf of the Respondent. It is hereby ordered that the estate of Lloyd Harris be and hereby is awarded the sum of $72,638.48.